IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES DUDLEY JUDD, JR., and, <br> JAMES W. MORRIS <br>           Plaintiffs <br> vs. <br><br> BBVA COMPASS BANK f/k/a <br> COMPASS BANK | § § § § § § § § § § § CIVIL ACTION NO. 3:12-CV- 00407 |

**PLAINTIFFS' RESPONSE TO DEFENDANT COMPASS BANK'S
RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS AND SUPPORTING BRIEF**

COMES NOW JAMES DUDLEY JUDD, JR. , and JAMES W. MORRIS, "Plaintiffs" and file this Response and Supporting Brief in Opposition to the Motion to dismiss of Defendant BBVA Compass Bank (hereinafter "Motion").

## I. Introduction and Overview

Defendant claimed in its Notice of Removal that the Court has diversity jurisdiction over this case. Defendant cannot now assert a lack of jurisdiction as a basis for dismissal. Neither *Younger* abstention or the *Rooker-Feldman* doctrine require the Court to abstain from jurisdiction. *Younger* does not apply because this is *not* a suit filed in federal court that will interfere with a previously pending state court criminal proceedings or state court civil proceedings implicating important state interests. Defendant removed Plaintiffs' state case to federal Court, leaving no pending state court case with which to interfere.

Defendant cannot assert both *res judicata* and *Younger* abstention, since the bar of *res judicata* arises only from final judgments which conclude pending actions. Any state court judgments adverse to Plaintiffs arose in summary proceedings designed for speedy resolution of rights to possession or right to foreclose contractual liens. By state statute, those courts lacked jurisdiction to decide the title dispute underlying a wrongful foreclosure or wrongful eviction claim. Plaintiffs have sufficiently pled claims for wrongful eviction and wrongful foreclosure. Plaintiffs

have never been afforded an opportunity for discovery or a trial on the merits as to those claims. Plaintiffs are not precluded from pursuing their claims in the case at bar.

## II. No grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction.

### A. Defendant cannot disavow its own pleading asserting that this court has diversity jurisdiction.

Defendant's Notice of Removal asserts the Court has diversity jurisdiction. *See* Defendant's Notice of Removal, par. 7. [Ex. 1, Plt. App. page 4]   Defendant now claims this Court *lacks* jurisdiction.   Defendant cannot simultaneously assert the court *has* jurisdiction for purposes of removal, yet does *not* have jurisdiction to litigate the dispute.   The Court should accordingly deny the motion to dismiss and either remand to state court or proceed with a determination on the merits.

### B. *Younger* abstention does not apply because Plaintiffs' case does not interfere with any pending state court litigation.

The Court's ruling in *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) 401 U.S. 37 (1971) does not require the Court to abstain.  First, the procedural and factual context of this case bear no resemblance to that of *Younger*.   In *Younger*, the plaintiff filed in federal court to enjoin a state criminal prosecution. *Younger* 401 U.S. 41-42.  Plaintiffs Judd and Morris filed in state court seeking relief in a private civil matter but were  to removed to federal by Defendant.

The *Younger* abstention doctrine minimizes federal court interference with ongoing state court proceedings. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* requires abstention where: "(1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Middlesex County*, 457 U.S. at 432; *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). *Younger*, 401 U. S. 41-42. [1]

---

[1] See also *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-17, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

This case fails to meet the first two elements required for *Younger* abstention: (1) there are no ongoing state court proceedings subject to interference and (2) if there were pending cases, important state interests are not implicated.

1. *Absence of pending state court proceedings*.

Since Plaintiffs' law suit has been removed to federal court, there in no longer any proceeding pending in state court with which to interfere. If there were any interference, it would arise from Defendant bringing this controversy to the federal courts, not by Plaintiffs filing in federal court.

Defendant's quotation of Judge Lynn's June 10, 2011 Order [2] (denying Plaintiffs' Application for an injunction against eviction) is misplaced. *See* page 4 of Order [Ex. 2, Plt. App. page 13] At the time Judge Lynn's order was issued, Defendant's forcible detainer action was pending in Justice Court. *See* Defendant's Sworn Complaint for Eviction filemarked May 25, 2011 [Ex. 3, Plt. App. 16-17] and Defendant's Amended Complaint for Eviction filemarked July 11, 2011 [Ex. 4, Plt. App. page 28] Defendant admits in connection with its argument on wrongful eviction that those forcible detainer proceedings are no longer pending. *See e.g. Defendant's Motion at p. 4, par. 2 and p. 7 at par. 4 (a)*. The need for *Younger* abstention no longer exists as to those cases.

Nor is *any other* litigation cited by Defendant still pending. Plaintiffs' prior federal action (Cause No. 3:11-CV-1148-M) was dismissed without prejudice by Order of Judge Lynn signed November 28, 2011. *See* Judge Lynn's Order of Dismissal without prejudice. [Ex. 5, Plt. App. page 35] Likewise, Defendant's proceeding commenced under Rule 736, Texas Rules of Civil Procedure in the 162nd District Court of Dallas County has been concluded by an order finding the court's plenary power to grant further relief has expired. [Ex. 6, Plt. App. page 37] It is undisputed that all bankruptcy proceedings involving Plaintiffs having concluded.

2. *No implication for important state interests*.

---

[2] Motion to Dismiss at p. 2, citing Judge Lynn's June 10, 2011 Order in *James W. Morris v. BBVA Compass Bank* 3:11-cv-01148-M.

Defendant's attempt to invoke *Younger* abstention fails by absence of the first element discussed above. It also fails because Plaintiffs' claims for declaratory and monetary relief no longer implicate important state interests and any claims for equitable relief are moot.

In summary, because Plaintiffs' case (1) does not interfere with any pending state court litigation and (2) does not implicate important state interests, *Younger* abstention is not applicable.

### C. *Rooker-Feldman* abstention does not apply because this is not a case filed in federal Court.

As Judge Lynn's order noted, the *Rooker-Feldman* doctrine bars only cases brought in federal court by parties complaining of judgments entered in state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011). Plaintiffs did not file this case in federal court and are not seeking a review of state court judgments. *Rooker-Feldman* accordingly does not apply.

### D. Partial dismissal: lack of jurisdiction over forcible detainer actions.

Defendant also argues that "subject matter jurisdiction over forcible detainer actions is given exclusively to the Justice Court . . . and on appeal to the Court Courts at Law *de novo*." Motion at p. 2-3. Defendant's argument is moot. Plaintiffs' no longer seek possession of their homestead property. Plaintiffs seek damages for wrongful foreclosure and/or declaratory relief regarding the validity of the foreclosure sale. As discussed below, and as Defendants do not in dispute, this Court has jurisdiction over title disputes and related causes of action.

### III. No grounds for dismissal under Rule 12(b)(6) for failure to state a claim.

### A. Standard for Granting Motion to Dismiss for Failure to State Claim under Rule 12(b)(6).

Traditionally, dismissal for failure to state a claim was not proper unless it appeared, based solely on the pleadings, that the plaintiff can prove no set of facts in support of the claims warranting relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir. 1996). The pleading standard for all federal civil cases now adds a plausibility standard. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 at 1950 (2009). First, the court must "identify . . . allegations in the complaint that are not entitled to the

assumption of truth . . . ." Second, the court should "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Iqbal* at 1950.

    **B.    Plaintiffs' claims for damages for wrongful eviction are not barred by *res judicata*.**

Defendant Compass argues that when a Justice Court or County Court at Law renders a final order, other courts are not permitted to interfere with the enforcement of that order by issuance of an injunction *so long as such order relates exclusively to possession of property*."Motion at p. 4 citing *Home Sav. Ass'n v. Ramirez* 600 S.W.2d 911 at 913-14 (Tex. App. – Dallas 2001, no pet.) and *Rice v. Piney,* 51 S.W.3d 705, 708 (Tex. App. – Dallas 2001, no pet.). However, Plaintiffs have stated that they are no longer seeking a TRO ir injunction but only declaratory relief and damages. Moreover, the judgment for possession in the Defendant's of the Property entered by the Justice Court in this instance is not conclusive of title issues or the validity of the foreclosure proceedings. Compass based its right to possession based upon having acquired ownership by virtue of the trustee's deed, not by a landlord tenant relationship arising after the foreclosure sale pursuant to a clause in a deed of trust as in the cases cited by Defendant. *See* Compass' Original and Amended eviction complaints. [Ex. 3, Plt. App. at page 18 and Ex. 4, Plt. App at page 29] Defendant's Homestead Lien Contract and Deed of Trust did not contain language that foreclosure would create a tenancy at sufferance. *See* copy of Deed of Trust attached to Plaintiffs' Petition. [Ex. 9, Plt. App. page 70 et. seq.] In the cases cited by Defendant, a landlord-tenant relationship was created by the language of the deed of trust whereby the right to possession could be determined without deciding an issue of title to real property. The Court in *Rice v. Piney* reviewed the earlier holding in *Ramirez* and made this distinction:

> "The reasoning of *Ramirez* is applicable to this case. Here, the county court at law had before it a March 1998 deed of trust wherein the Rices, as grantors, conveyed the property to a trustee for the benefit of NMC. *The deed of trust stated that upon a sale pursuant to the deed of trust, the Rices would become tenants at sufferance and*

*subject to a forcible detainer action if they refused to vacate the property after request.*" *Rice v. Piney* 51 S.W.3d 705, 711 (Tex.App.–Dallas,2001).

Emphasis added. By contrast, and without dispute from Defendant, the Homestead Lien Contract relied upon by Defendant to secure foreclosure and thus claim possession does <u>not</u> contain any language to the effect that a foreclosure would create a tenancy at sufferance. [Ex. 9 Plt. App. page 70 et. seq.]

A justice court is expressly denied jurisdiction to determine or adjudicate title to land. *Rice v. Piney, supra,* 51 S.W.3d at 708. The issue was therefore not validly adjudicated by any judgment in Compass' forcible detainer suit, either in the justice court, or in the County Court at Law, since on appeal jurisdiction is limited to that of the lower court. Moreover, since the right to possession could not be determined without determining title, the justice court lacked jurisdiction to enter judgment granting possession to Compass. A judgment rendered without subject matter jurisdiction is void and should never be considered final. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Consequently, judgments of the Justice Court and County Court at law could not bar Plaintiffs' claims for damages for wrongful eviction. *See Robinson v. Lufkin Fed. Sav. & Loan Ass'n* 1997 WL 335171, 2 (Tex.App.-Beaumont) (Tex.App.-Beaumont,1997) ("Lufkin Federal proceeded at its own peril in enforcing its lien while the validity of the debt had not yet been finally adjudicated. There can be no lien in the absence of a debt." ) Citing *Calvert v. Hull*, 475 S.W.2d 907, 911 (Tex.1972).

    **C.**    **Plaintiffs' have sufficiently stated causes of action.**

Defendant argues that Plaintiffs do not explain how the alleged alterations of the Deed of Trust by *inter alia, the* changing account numbers, actually harmed the Plaintiffs. Motion at p. 4. Defendant's argument misses the point. Plaintiffs allege the alterations to the Deed of Trust not because the alterations *per se* harmed them, but because the alterations are an "facts" that tending to support the conclusion that Plaintiffs loan (Home Equity Line of Credit Agreement ("HELOC") and Deed of Trust) had been sold and Defendant Compass was therefore no longer the owner and

holder.  Plaintiffs allege various other facts tending to support such position.  Plaintiffs then allege:

> "The foregoing facts support Plaintiffs' position that Compass did not have ownership of the HELOC and the Deed of Trust and could not prosecute foreclosure proceedings.  The foreclosure sale and trustee's deed are therefore invalid.  Plaintiffs are entitle to entry of a declaratory judgment that Plaintiffs are the rightful owners of the Property.  Alternatively, Plaintiffs are entitled to recover judgement for monetary damages equal to the value of their equity in the Property which was taken by the wrongful foreclosure of the Property.

Ex. Plt. App. page 8.

Taken together Plaintiffs' allegations sufficiently state a cause of action for wrongful foreclosure.  To collect on a promissory note, (i.e., Plaintiffs' Line of Credit Agreement), "a plaintiff must establish . . . *the plaintiff is the owner and holder of the note* . . . ."  *Cadle v. Regency Homes, Inc.*, 21 S.W. 3d 670, 674 (Tex. App. Austin 2000, pet. denied).  Defendant must have owned the note and deed of trust at the time of foreclosure in order to conduct a valid foreclosure sale.  For a sale under a deed of trust to be valid, the terms set out in the deed of trust must be strictly followed.  *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.,* 644 S.W.2d 705, 706 (Tex.1982); *see also League City State Bank v. Mares,* 427 S.W.2d 336, 340  Tex. Civ. App.  Houston [14th Dist.] 1968, writ ref'd n.r.e.).  Under Plaintiffs' Deed of Trust, only the Lender may authorize foreclosure.  *See* copy of Plaintiffs' Homestead Lien Contract and Deed of Trust - under section entitled "Rights and Remedies on Default," attached to  Plaintiffs' Petition as Exhibit C. [Ex. 9, Plt. App. page 72]

Failure to properly foreclose on property gives rise to a cause of action for either the return of the property or damages. *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.,* 176 S.W.3d 595, 610 (Tex.App.-Corpus Christi 2005, pet. denied) (citing *Univ. Sav. Ass'n*, 644 S.W.2d at 706). The correct measure of damages is the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness. *Farrell v. Hunt,* 714 S.W.2d 298, 299 (Tex.1986); *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 375 (Tex.App.-Houston

[14th Dist.] 1989, writ denied).

    **D.**    **The Order entered in Defendant's Rule 736 proceeding in state court (seeking permission to foreclose) is not *res judicata* or otherwise preclusive as to the Plaintiffs' claims for wrongful foreclosure or wrongful eviction.**

On November 19, 2010, Defendant filed in the 162nd state district court its "Application for an Order Authorizing Foreclosure per TRCP 736 - Home Equity Foreclosure Application." [Ex. 8, Plt. App. p. 39-44]. The text of Rule 736 in effect in 2010 and 2011 (prior to the latest amendments) is included as Appendix Exhibit 7. [Ex. 7, Plt. App. p. 46 - 48]  Rule 736 "Expedited Foreclosure Proceeding" governs non-judicial foreclosure of home equity mortgages in Texas. Rule 736 states:

> "9. Non-preclusive effect of Order. *No order or determination of fact or law under Rule 736 shall be res judicata or constitute collateral estoppel or estoppel by judgment in any other proceeding or suit.* The granting of an application under these rules shall be without prejudice to the right of the respondent to seek relief at law or in equity in any court of competent jurisdiction." (Emphasis added)

[Ex. 7, Plt. App. page 48]  Accordingly, the Order entered by Defendant is not *res judicata* or in any way preclusive of Plaintiffs' wrongful foreclosure claims in this case.

## IV.  Conclusion

Defendant pled that this Court had diversity jurisdiction when it removed this case to federal court. Defendant cannot now assert the Court lacks jurisdiction. Neither the *Younger* or the *Rooker-Feldman* abstention doctrines apply to this case. None of the prior litigation between the parties is *res judicata* of Plaintiffs' claims. Plaintiffs have sufficiently pled claims for wrongful foreclosure and wrongful eviction including declaratory relief and or monetary damages. For these reasons, Defendant's motion to dismiss must be denied.

                PALMER & MANUEL, L.L.P.

                By: */s/ Robert D. Hemphill*
                Robert D. Hemphill
                State Bar Number 09413800
                Robert D. Hemphill, PLLC
                8350 N. Central Expy. Ste 300

                                            Dallas, Texas 75206
                                            Telephone: (214) 242-6444
                                            Facsimile:  (214) 265-1950
                                            rhemphill@pamlaw.com

                                            ATTORNEYS FOR PLAINTIFF

## Certificate of Service

       I hereby certify that a copy of the foregoing was served on counsel for all parties of record via the Court's electronic filing system on this the 21st day of March, 2012, as follows:

Brian C. Clark
Michael A. Logan
Kane Russell Coleman & Logan PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

                                            */s/ Robert D. Hemphill*
                                            Robert D. Hemphill